**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 2 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIE JAMES WILLIAMS,

      Petitioner-Appellant,

v.

KAREN ROHLING; ATTORNEY
GENERAL OF KANSAS,

      Respondent-Appellee.

No. 00-3353
(District of Kansas)
(D.C. No. 00-CV-3397-DES)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Proceeding *pro se*, petitioner Willie James Williams seeks a certificate of appealability ("COA") to enable him to appeal the district court's denial of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 petition unless the petitioner first obtains a COA). Williams is not entitled to a COA unless he can make a "substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). Williams can make this showing by demonstrating that the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000).

In his § 2254 petition, Williams challenged the decision by a state Joint Committee on Special Claims denying his claims for damages in the amounts of $999,000,000 and $100,000,000,000. Williams' claims involved allegations that state prison officials lost his legal papers. Although the district court acknowledged that Williams had failed to exhaust his state remedies, the court concluded that Williams' petition failed to allege any violation of federal law that is properly brought under 28 U.S.C. § 2254 and dismissed the petition pursuant to 28 U.S.C. §2254(b)(2).

This court has reviewed Williams' request for a COA and accompanying brief and has conducted a *de novo* review of the district court's order and the

entire record on appeal. On appeal, Williams has failed to identified any error in the district court's analysis, and this court finds none. Accordingly, this court **denies** Williams' request for a COA for substantially those reasons set forth in the district court's order dated October 30, 2000, and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge